UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>FRANCISCO MUNGIA,<br>　　　　Defendant. | Case No.  5:13-cr-00505-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR BILL OF PARTICULARS**<br><br>Re: Dkt. No. 34 |

## I.   INTRODUCTION

Defendant Francisco Mungia ("Defendant") is charged in a Superseding Indictment returned on May 13, 2015, with the following counts: (1) Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine in violation of 18 U.S.C. § 846; ("Count 1"); (2) Possession with Intent to Distribute and Distribution of Methamphetamine in Violation of 18 U.S.C. § 841(a)(1) ("Count 2").  Dkt No. 28.  In Count 1, it is alleged that Defendant intentionally conspired to possess with intent to distribute, and to distribute, actual methamphetamine from approximately January 1, 2012, through approximately December 31, 2012.  In Count 2, it is alleged that on or about April 19, 2012, Defendant possessed with the intent to distribute, and distributed, actual methamphetamine.  The Government's case involves the use of a confidential informant ("CI") as to both counts.

Presently before the court is Defendant Francisco Mungia's ("Defendant") combined Motion for Bill of Particulars and Motion to Compel Discovery and Continue Trial, which came on for hearing before the undersigned on December 14, 2015.  Dkt. No. 34.  This order addresses the former request.

Having carefully considered the pleadings filed by the parties as well as the arguments of counsel, the court DENIES Defendant's Motion for Bill of Particulars for the reasons explained below.

## II.  DISCUSSION

Rule 7(f) of the Federal Rules of Criminal Procedure provides that "[t]he court may direct the government to file a bill of particulars." A bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense and is "designed to apprise the defendant of the specific charges being presented to minimize danger of surprise at trial, to aid in preparation and to protect against double jeopardy." United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983); United States v. Mitchell, 744 F.2d 701, 705 (9th Cir. 1984).  The decision to require a bill of particulars is within a trial court's discretion, which is broad under these circumstances.  Long, 706 F.2d at 1054; Will v. United States, 389 U.S. 90, 99 (1967).

The Ninth Circuit has held that when deciding whether to order a bill of particulars, "a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." Id.  However, "[a] defendant is not entitled to know all the [e]vidence the government intends to produce." United States v. Giese, 597 F.2d 1170, 1181 (9th Cir. 1979) (internal citations omitted).  The purposes of a bill of particulars are served when "the indictment itself provides sufficient details of the charges and if the Government provides full discovery to the defense." Mitchell, 744 F.2d at 705.

In cases alleging a conspiracy, the Government is not required to "disclose even all the overt acts in furtherance of the conspiracy." Giese, 597 F.2d. at 1180 (citing United States v. Murray, 527 F.2d 401, 411 (5th Cir. 1976)); see United States v. Armocida, 515 F.2d 49, 54 (3d Cir. 1975); see also United States v. Carroll, 510 F.2d 507, 509 (2d Cir. 1975).  Further, the Government "is not required to furnish the name[s] of all other co-conspirators in the bill of particulars."  See United States v. Crayton, 357 F.3d 560, 568 (6th Cir. 2004).  Moreover, courts in this district have held that "defendants are not entitled to the exact dates on which they or alleged conspirators became members of the conspiracies." See, e.g., United States v. Diaz, No.

CR 05-00167 WHA, 2006 WL 1833081, at *3 (N.D. Cal. June 30, 2006) (Alsup, J.). "These details are generally not within the government's knowledge" and "[t]o require this information, and potentially to limit the proof to that time, would hamper prosecutions unnecessarily." Id. (citing Rubio v. United States, 22 F.2d 766, 767-68 (9th Cir. 1927)).

    Here, Defendant requests the following information: (1) the names, dates, and specific conduct which connect him to the conspiracy charged in Count 1; (2) the date on which each defendant joined the alleged conspiracy and not merely the date on which the conspiracy began; (3) the identity of each person the co-conspirators allegedly conspired to possess to distribute methamphetamine; (4) the date, time and location of the meetings at which the co-conspirators allegedly conspired to distribute methamphetamine; (5) the identity of the co-conspirators for each alleged possession for distribution or distribution they conspired to commit; (6) facts concerning the meetings where the alleged conspiracy was discussed, including who was present at the meetings, the date and location of such meetings, what was said at these meetings and what Defendant did to indicate his agreement to participate in the charged conspiracy; (7) any activities that are being charged as participation in the conspiracy.

    At the hearing, Defendant acknowledged receiving discovery from the Government, but was having difficulty accessing the CDs and audio files. Defendant also indicated he had been in communication with the representative from the Government who is responsible for discovery, and was working to resolve the access issues related to the files.

    For its part, the Government argued that Defendant possessed sufficient information to prepare a defense and avoid surprise at trial. To that end, the Government noted it had previously released substantial discovery to Defendant - as indicated in Defendant's own pleadings - and would continue to release additional discovery subsequent to the motion hearing. This representation notwithstanding, Defendant argued he requires additional information regarding the allegations to in order to prepare his defense.

    As to Defendant's requests, the court finds them generally overbroad. In addition, it is apparent that Defendant is seeking information that need not be provided through a bill of

particulars.  Indeed, as already indicated, Defendant is not entitled to the exact dates on which he or other alleged co-conspirators became members of the conspiracy because these details are not generally within the Government's knowledge.  This reasoning applies equally to Defendant's request for the date, time, location, words or language used, and any other information indicating Defendant's agreement to participate in the activities charges as part of the conspiracy.

As to Defendant's request for the identities of co-conspirators, the court finds that such information does fall within the purview of discovery and may also constitute Brady material.  This information, however, need not be specified through a bill of particulars.

Ultimately, the court concludes Defendant possesses sufficient information and is informed as to the nature of the charges against him, such that he can prepare a defense and not be surprised at trial.  On that basis, a bill of particulars is unnecessary.

### III.   ORDER

Defendant's Motion for Bill of Particulars is DENIED.[1]

**IT IS SO ORDERED.**

Dated:  February 4, 2016

_____
EDWARD J. DAVILA
United States District Judge

---

[1] Having reviewed the Notice filed by Defendant on February 1, 2016 (Dkt. No. 41), the court is aware that Defendant has received additional discovery from the Government; however Defendant states other witness information has been withheld because of expressed safety concerns by the Government.

At the conclusion of the December 14th hearing, the Government was told to contact the court for an in camera hearing regarding any witness or other discovery.  To date, the court has not been contacted by the Government.  In light of Defendant's recent representations, the Court will hold an in camera hearing at 2:00 p.m. on February 5, 2016, regarding any discovery, including witness information the Government has but wishes to withhold at this time for security or other reasons.  Counsel for the Government and any witnesses the Government's wishes to be present should attend the hearing.  Neither Defendant nor his counsel will be present.  The court will issue an order on the discovery portion of this motion subsequent to the in camera hearing.