UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO MUNGIA,<br><br>Defendant. | Case No. 5:13-cr-00505-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL DISCOVERY**<br><br>Re: Dkt. No. 34 |

Presently before the court is Defendant Francisco Mungia's ("Defendant") Motion to Compel Discovery, which came on for hearing before the undersigned on December 14, 2015. Dkt. No. 34. After argument, the court conducted an ex parte in-camera hearing on February 5, 2016, to allow the Government to present to the court any concerns regarding the release of additional discovery.

Have now fully considered the pleadings and arguments of the parties, the court will grant in part and deny in part Defendant's motion or the reasons explained below.

**I.    BACKGROUND**

According to the superseding indictment returned on May 13, 2015, Defendant is charged with the following counts: (1) conspiracy to possess with Intent to distribute and to distribute methamphetamine in violation of 18 U.S.C. § 846 ("Count 1"); and (2) possession with intent to

1

Case No.: 5:13-cr-00505-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL DISCOVERY

distribute and distribution of methamphetamine in violation of 18 U.S.C. § 841(a)(1) ("Count 2"). As indicated in relation to Count 1, Defendant allegedly conspired to distribute methamphetamine from approximately January, 2012 through approximately December, 2012. It is alleged in Count 2 that Defendant possessed with the intent to distribute and distributed methamphetamine on April 19, 2012. The Government's case against Defendant involves the use of a confidential source ("CS") as to both counts.

## II.  LEGAL STANDARD

Under Federal Rule of Criminal Procedure 12(b)(4), the defendant may request, "at the arraignment or as soon afterward as practicable," notice of the Government's intent to use any evidence that the defendant may be entitled to discover under Federal Rule of Criminal Procedure 16. For its part, Rule 16 identifies particular materials that the Government must disclose to a defendant, including the defendant's oral statements in response to interrogation. Fed. R. Crim. P. 16(a)(1)(A). Rule 16 also identifies particular materials not subject to disclosure, such as statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500, which is otherwise known as the Jencks Act. Fed. R. Crim. P. 16(a)(2).

The district court's ability to manage discovery is also established by federal and local rules. Federal Rule of Criminal Procedure 2 provides that all of the rules should "be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay." Under Federal Rule of Criminal Procedure 16(d), the court may deny, restrict, or defer discovery or inspection, or grant other appropriate relief or enter any other order that is just under the circumstances. Furthermore, Criminal Local Rule 16-1 provides procedures for disclosure and discovery in criminal actions, such that "[w]ithin 14 days after a defendant's plea of not guilty, the attorney for the government and the defendant's attorney shall confer with respect to a schedule for disclosure of the information." If after doing so a stipulation is not entered, "a schedule for disclosure of information . . . may be set sua sponte by the assigned Judge or Magistrate Judge." Crim. L.R. 16-

2

Case No.: 5:13-cr-00505-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL DISCOVERY

1(b).

Moreover, the Ninth Circuit has recognized the district court's inherent power to regulate and control criminal discovery. United States v. W.R. Grace, 526 F.3d 499, 508-509 (9th Cir. 2008) ("[A] district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

**III.   DISCUSSION**

Defendant makes 28 requests for discovery in his pleadings, many of which are duplicative and overbroad. Defendant stated at the hearing he had received certain items of discovery from the Government, including audio files that were initially difficult to access. He indicated he had since communicated with the Government's representative and had resolved issues related to those files.

For its part, the Government stated it had released substantial discovery to Defendant, as Defendant acknowledged in his pleadings, including recordings of three additional transactions, the source information of the CS as to each of those transactions, and the individuals involved in those transactions. The Government also expressed its intent to disclose Jencks material for the CS, including his prior criminal history, impeachment evidence, and Giglio material to defense counsel by January 15, 2016. The Government stated it had other witnesses who might have similar material but because of safety concerns would produce that information by mid-February.

In addition, the Government related that it had provided information regarding the Defendant as obtained from the CS, such as documentation of a drug transaction with the Defendant and additional information from an FBI report. The Government indicated it would provide to Defendant, also by January 15, 2016, reports about several "Sureños" given by the CS from work he had undertaken in San Jose, as well as other information about targets for other transactions.

Moreover, through Defendant's pleading filed on February 1, 2016 (Dkt. No. 41), the court was advised that Defendant received additional discovery from the Government subsequent to the motion hearing. However Defendant indicated other witness information had been withheld because of safety concerns, which were subsequently addressed at the in camera hearing on February 5, 2016.

In light of the foregoing, the court finds that the following disclosures are appropriate:

(1)   Oral and or recorded statements of Defendant made to government agents that the Government intends to use at trial, including transcripts of those statements in the Government's possession;

(2)   An opportunity to review physical evidence the Government intends to introduce at trial;

(3)   A witness list that includes contact information (excluding witnesses indicated below and any subject to a protective order issued by the court);

(4)   Information regarding the CS' work in San Jose on other cases or investigations, including compensation paid, benefits received, immigration consideration or consideration in other pending cases;

(5)   The Government will continue in its Brady/Giglio obligations and will promptly provide any such information to the defense upon discovery.

Given the continued trial date, information regarding any additional witness and information discussed at the in camera hearing shall be provided to the defense no later than 30 days prior to trial.

The court will issue a protective order as proposed by the parties to control the distribution of discovery information. The parties shall meet and confer as to the content of any protective order for discovery information and as to the nature of any redactions present in the discovery already provided to Defendant.

Case No.: 5:13-cr-00505-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL DISCOVERY

## IV. ORDER

The court orders the Government to make the disclosures listed above.

**IT IS SO ORDERED.**

Dated:  March 15, 2016



EDWARD J. DAVILA
United States District Judge

5
Case No.: 5:13-cr-00505-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL DISCOVERY